# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 22, 2013

Lyle W. Cayce
Clerk

No. 12-60219
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ATHENA MARIE BYRD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:11-CR-46-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Athena Marie Byrd pleaded guilty to one count of conspiracy to kidnap for ransom and one count of aiding and abetting in kidnapping. The district court sentenced Byrd at the bottom of the guidelines range of imprisonment, to 235 months of imprisonment and five years of supervised release. Byrd appeals her sentence of imprisonment, arguing that the sentence was substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60219

We review sentences for reasonableness by engaging in a bifurcated review. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). First, we must ensure that the sentencing court committed no significant procedural error. *Gall*, 552 U.S. at 51. If the sentencing decision is procedurally sound, we should then consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* Byrd raises no claim of procedural error and challenges only her sentence's substantive reasonableness.

When, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Byrd attempts to rebut the presumption of reasonableness, asserting that the district court failed to consider certain factors that should have received significant weight and that the sentence represents a clear error of judgment in balancing the sentencing factors. She notes in this regard that she suffered a lack of guidance as a youth and that she suffers from addiction to heroin and methamphetamine. She also emphasizes her return to the scene of the crime with the intention of checking on the victim and her cooperation with the Government, which she argues evidence remorse and rehabilitation.

Byrd essentially seeks to have her sentence vacated based on a reweighing of the § 3553(a) factors on appeal. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). That we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Byrd's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to the within-guidelines sentence imposed by the district court. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.